Battle, J.
 

 In his bill of exceptions, the defendant has assigned two errors, upon one, or both of which, he seeks to have the judgment reversed, and a new trial granted. The second alleged error is, in our opinion, well founded, and as it is fatal to the plaintiff’s action, it is unnecessary for us to consider the first, at all.
 

 When the case, between the same parties, and involving the question of title to the same lot of land, was before this Court at December Term, 1849, (see 10th Ire. Rep. p. 446,) it was said that, “ with respect .to the deed from Pierce and wife, the facts do not appear, with sufficient distinctness, to authorise the Court to form a satisfactory or positive opinion.” It was intimated, however, that, as the case then stood, the deed in question, was ineffectual to pass the title of the wife, “ for the want of a due acknowledgment and a privy examination ;” but as the cause was decided on another ground, this point was not definitively passed upon. The facts in relation to the deed are now more fully stated, which enables us to decide the case upon its merits. The main objection to
 
 *167
 
 {he authenticity of the instrument, as the deed of the wife, is, that the order for taking her privy examination, was made before the deed was proved in Court, and therefore, there was no authority vested in the Court, at the time, to make the order ; and in support of this objection, the leading case of
 
 Burgess
 
 v. Wilson, 2 Dev. Rep. 306, is relied upon.
 

 The records of the County Court of New-Hanover, at August Term, 1818, exhibit the following entries : “ Ordered that John McColl and David Jones, be appointed to take the private examination of Sarah Pierce, wife of Peter Pierce, respecting the execution of a deed, signed by them to Samuel Potter, dated 21st July, 1818.”
 

 “ A deed from Peter and Sarah Pierce to Samuel Potter, proven by J. McColl.”
 

 A certified copy of the above recited order, for taking the private examination of the feme grantor was attached to the deed, and on the back of this, was the following certificate by the clerk, of the probate and order for registration: “ The execution of this deed was proved by John McColl, subscribing witness, and ordered for registration.” There was endorsed upon the deed, itself, a commission, in the prescribed form, issued by the clerk, and directed to John McColl and David Jones, Esquires, and commanding them to take the private examination of the wife, &c. This commission contained a recital among others, that the grantee had procured the deed to be proved in the County Court; and also, that it was represented to the Court, that the feme could not travel to the Court. Following this, there was an endorsement upon the deed of the certificates of the justices, under their hands and seals, that they had taken the privy examination of the wife, upon which she declared, that she had signed the deed
 
 “
 
 of her own free will and consent, and without any compulsion on the part of her husband.” All this appears to have been done at the same term of the Court, and on the same day of the term ; for the date given, is that of the 10th of August, 1818, the day on which the commission was issued, and also the day on which the Court was opened and held. It is con
 
 *168
 
 tended that the deed was proved after the order was made, because the entry of the probate follows the entry of the order for the appointment of the justices to take the privy examination, on the minutes of the Court; and also, because it is endorsed on the back of the paper annexed to the deed, on which was written a certified copy of the order. "We do not think that this is sufficient evidence of the fact, that the probate was made
 
 after
 
 the order, instead of
 
 "before
 
 it, as the law required ; on the contrary, we regard it as one continuing transaction, done at the same time, and to be supported upon the same principle that a certificate of a Judge of the Superi- or Court was held good in the case of
 
 Joyner
 
 v.
 
 Faulcon,
 
 2 Ired. Eq. Reports 386. There, the certificate was as follows: “State of North Carolina, Halifax county. Eanny Clanton, the wife of Hr. John Clanton, was examined separate and apart from her husband, and privily by me, one of the Judges of the Superior Court of Law and Equity, in and for the State aforesaid, when she acknowledged, that she executed the within deed, freely and voluntarily, and not by the force or persuasion of her husband or any other person. Henry Wilkes, the subscribing witness, came before me, and made oath that John T. Clanton and Fanny Clanton, executed the within deed for the purposes therein contained. Let it be registered.” The Court disposed of the objection, that the probate was taken after the privy examination, in a summary manner. “This objection (say they) we hold to be not founded in fact. The certificate states a single transaction. All therein mentioned occurred at the same time. And, therefore, it is immaterial what part of it is first mentioned in the certificate.” So, we say in this case, that the order for the private examination, and the probate of the deed, were made at the same time, and formed a part of the same transaction ; and it is immaterial in what order the entries appear upon the minutes of the Court. The case of
 
 Burgess
 
 v.
 
 Wilson, ubi supra,
 
 presents the essential difference that the records of the Court, showed that the order for appointing a justice for taking the privy examination of .the wife was made on one day of the
 
 *169
 
 term, and that the deed was proved on a
 
 subsequent day
 
 of that term, and that, therefore, the two acts could not have been parts of one and the same transaction. In further support of this view of the case, it may he remarked, that the commission issued by the clerk, under the order of the Court, and which bears date the first day of the term, recites the fact, that the deed had been proved, and we do notperceive any good reason Avhy that fact may not be proved by the commission, as well as the essential fact, that the wife was unable to travel to the Court, to be there privately examined;
 
 Skinner
 
 v.
 
 Fletcher,
 
 1 Ire. Rep. 313. Taking all the proceedings together, it appears that every thing, which the law requires to be done for the protection of married women, in the disposition of their lands, was observed in this case; to wit: the deed was duly proved in open Court by a subscribing witness; it was shown that the wife was unable to travel to the Court; an order was made, appointing two justices, to take her privy examination; a commission for that purpose was duly issued to them, and they returned a certificate, properly authenticated, that they had done so ; an order was made for the registration of the deed, and it, together with the certificates, was duly registered. All this, except the act of registration, appears affirmatively to have been done at the same term of the County Court, and there is nothing to show that it was not done on the same day of the term. Indeed, from the circumstance, that only one date is given to any part of the proceedings, and that the first day of the term, we are to presume that all was 'done on that day, and done in the order of time required by the law to make the deed effectual for the purpose for which It was intended. Our conclusion is, that Samuel Potter, the grantee, under whom the defendant claims, acquired a good title from Pierce and his wife, Sarah, under the latter of whom, the lessor of the plaintiff claims. The judgment must, therefore, be reversed, and a
 
 venire de novo
 
 awarded.
 

 Per Curiam, Judgment reversed.